IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN DWAYNE LESTER, | No. C 11-1184 WHA (PR) |
| Plaintiff, | **ORDER OF DISMISSAL** |
| vs. | |
| SAN FRANCISCO SHERIFF'S DEPARTMENT; SAN FRANCISCO COUNTY BOARD OF PAROLE; SAN FRANCISCO COUNTY JAIL; NUE; HERNANDEZ; FIGUEROA; N. STARR; GONZALEZ; CRAWFORD; | |
| Defendants. | |

**INTRODUCTION**

Plaintiff, an inmate in the San Francisco County Jail, filed a pro se civil rights complaint under 42 U.S.C. 1983. He has been granted leave to proceed in forma pauperis in a separate order.

**ANALYSIS**

Plaintiff claims that officials of the Sheriff's Department have housed him in the same cell with a man with seizures, there is another man on his floor who is "hostile" to me, that he has a "conflict of interest" with two jail guards assigned to his floor, he found hair on his dinner tray, and he was denied lunch on one day.

The Prison Litigation Reform Act of 1995 amended 42 U.S.C. § 1997e to provide that

"[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Compliance with the exhaustion requirement is mandatory. *Porter v. Nussle*, 534 U.S. 516, 524 (2002); *Booth v. Churner*, 532 U.S. 731, 739-40 & n.5 (2001). The administrative remedies need not meet federal standards, nor need they be "plain, speedy and effective." *Porter*, 534 U.S. at 524.

In his complaint, plaintiff states that the county jail has a procedure for filing administrative grievances regarding his complaints, and he states that he has not appealed his claims to the highest level of administrative appeal available to him (Compl. at 1-2). Although nonexhaustion under § 1997e(a) is an affirmative defense, a prisoner's concession to nonexhaustion is a valid ground for dismissal. *Wyatt v. Terhune*, 315 F.3d 1108, 1119-20 (9th Cir. 2003). Accordingly, a claim may be dismissed without prejudice if it is clear from the record that the prisoner concedes that he did not exhaust administrative remedies. *Ibid.* Plaintiff states in his amended complaint that he did not receive an answer to his grievance concerning the issues of ths complaint at the first level of review (Amend. Compl. 2). He does not explain, however, why having not received an answer at the first level, he did not file his grievances at a higher level of review. Because it is clear from the amended complaint that plaintiff has conceded to not exhausting his claims, the claims must be dismissed.

## CONCLUSION

This case is **DISMISSED** without prejudice to filing a new case after exhausting all available administrative remedies regarding all of his claims. The clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: March  24 , 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\CR.11\LESTER1184.DSM-EXH.wpd

2